UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § v. § § JAIME ALBERT § QUINTANILLA-CHAVEZ § | CAUSE NO. sa-25-mj-947 |

**MR. QUINTANILLA-CHAVEZ MOTION TO REOPEN PROABLE CAUSE HEARING AND DISMISS COMPLAINT FOR LACK OF PROBABLE CAUSE AND GOVERNMENT MISCONDUCT**

TO THE HONORABLE ELIZABETH CHESNEY, U.S. MAGISTRATE JUDGE:

Mr. Quintanilla-Chavez, by and through undersigned counsel, respectfully moves this Court to reopen the probable cause hearing under Rule 5.1(e) of the Federal Rules of Criminal Procedure and find no probable cause and dismiss the criminal complaint. In support, he offers the following. His actual request for relief before this Magistrate Court—set out under and after the heading titled "No Probable Cause for 18 U.S.C. § 111"—comes in the last few pages of the document; most of this pleading is a statement of facts that also notes (for context) constitutional issues that will be raised and addressed later before the district court.

**SA Fuentes's Narrative at the Probable Cause Hearing Has Collapsed**

The government just filed an advisory to the Court dated July 1, 2025. Docket # 14. In said advisory the government concedes Mr. Quintanilla-Chavez did not have an order for removal. *Id.* The government's entire justification for surveillance,

stopping Mr. Quintanilla-Chavez on his way to work, and arresting him was predicated on a false claim: that Mr. Quintanilla-Chavez had a final order of removal signed by an immigration judge. *See* complaint docket # 1.

This complaint was not only sworn by HSI Special Agent Fuentes to be true and correct, but it was also presented to a federal magistrate judge for his signature. *Id.*

In the complaint SA Fuentes made statements of fact that he swore to be true which he also then repeated at the probable cause and detention hearing under oath. *See* Complaint and Transcript of Probable Cause Hearing, docket # 1, 12. Yet the government is now admitting, in an official advisory, that no such order of removal existed. *See* advisory, docket entry # 13.

The false statements made in the complaint are:

"Database checks indicated that Jaime Albert QUINTANILLA-Chavez, with a Final Order of Removal from an Immigration Judge, was residing at the above address."

— Affidavit of SA Steven Fuentes, dated 6/23/25, docket entry #1.

These statements were in fact simply not true. Mr. Quintanilla-Chavez did not even have an A-number until after his arrest. In twelve years living in the United States he had never been encountered by ICE or HSI. What are we left with in the complaint after the initial reason for surveillance is removed? *Cf. Franks v. Delaware*, 438 U.S. 154 (1978).

**Why Was ICE/HSI Even There?**

If there was no legal basis for ICE/HSI agents to be surveilling Mr. Quintanilla-Chavez's home, then their surveillance was unauthorized, their actions were pretextual and invasive, and the entire stop and arrest were tainted by illegality.

They claimed to be acting under immigration authority to locate a person with a final order of removal. *See* complaint and probable cause hearing.  That was blatantly false. They misled the court to justify surveillance, detention, and use of force. This is not a mere mistake, it is a material falsehood that undermines the legitimacy of the prosecution.

If the real reason for the surveillance was unconstitutional or legally suspect, such as targeting someone based solely on race, immigration status, or without any articulable suspicion, they might fabricate a lawful justification to avoid triggering a Fourth Amendment suppression motion. Law enforcement here could have also claimed there was a final order of removal to disguise an ICE-directed operation without proper basis, surveillance that actually stemmed from discriminatory or retaliatory motives, to hide collaboration with other agencies (IRS, SAPD) that wouldn't justify the surveillance alone, to cover up surveillance conducted without a warrant or proper documentation.

What we do know is that what followed—a high-risk stop, use of force, and seizure of a person—was excessive for what they claim was the original unlawful purpose. They even tried to allege a suspicion of a more serious crime (motivation to harm) because Mr. Quintanilla-Chavez was on his phone, to retroactively justify the intensity of the stop

The surveillance we know now was unauthorized. Are they covering policy breaches or trying to prevent internal discipline because an officer was injured by breaking Mr. Quintanilla-Chavez's window, or where they trying to avoid civil liability for illegal targeting?  <u>*Key here, nothing the agents say can be relied on and be deemed credible*</u>.  If a defense witness had been caught boldly lying under oath they would have been charged with perjury. There's no reasonable explanation for why officers would claim Mr. Quintanilla-Chavez had a final order of removal from an immigration judge as a reason for surveillance and the stop and arrest of his person, when the truth is they had no legal basis. They didn't tell the truth because the truth would mean suppression. This isn't a mistake—it's a calculated effort to sidestep the Constitution.

**SA Fuentes Lied to Two Judges**

They misled a magistrate judge into signing a complaint based on a false affidavit. *Id.* They then misled this Court into accepting the same narrative, repeated in open court, under oath for probable cause.

This is not just a *Brady* violation and impeachment material, it is a *Franks* violation (material falsehood in an affidavit), and a due process violation under *Napue v. Illinois*, 360 U.S. 264 (1959). *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). Here, the truth, that Mr. Quintanilla-Chavez had no order of removal and had no prior ICE encounters, was favorable to the defense and material to detention, probable cause, and the legitimacy of the entire prosecution.

By failing to disclose this, the government not only withheld *Brady* material but allowed two Courts to rely on this false information to deprive Mr. Quintanilla-Chavez of his liberty.

**Lack of Credibility, Nothing the Agents Say Can Be Trusted**

Special Agent Fuentes testified at the probable cause hearing that he was not present at the scene when the arrest happened, he relied entirely on hearsay from others who had not submitted reports yet and repeated their false legal basis for surveilling and stopping Mr. Quintanilla-Chavez.

SA Fuentes also testified that probable cause existed to arrest Mr. Quintanilla-Chavez after the stop because of a series of vague, uncorroborated, and constitutionally deficient claims. SA Fuentes stated that officers became "concerned" when they saw Mr. Quintanilla-Chavez using a cellphone.

Using a phone is not suspicious, criminal, or dangerous. It is an ubiquitous, non-threatening act. There is no case law holding that the mere use of a phone, absent any articulable threat or criminal activity, justifies a show of force, let alone a warrantless seizure involving breaking a truck window and physically extracting the driver.

This vague reference to "concern" about a cellphone appears to be nothing more than a post-hoc justification for a predetermined plan to escalate. No officer testified that Mr. Quintanilla-Chavez made threatening movements, possessed a weapon, attempted to flee, or posed any danger to the public or to law enforcement. And if officers believed the phone posed a threat, they took no steps to de-escalate or issue clear commands before engaging in violent entry.

In fact, SA Fuentes did not even personally witness any of the events leading up to or during the seizure, further showing the unreliability of the officer's version of events. The entire justification for probable cause appears to be fabricated or

6

strategically incomplete, as the claimed "concerns" do not meet the standard required to justify a warrantless arrest or the level of force used.

This isn't a case of mistaken identity, or a judgment call in a fast-moving situation. It's a case where officers escalated force based on a reason that is neither credible nor legal and then tried to reverse-engineer a basis for it after the fact.

On further examination of SA Fuentes's testimony, saying someone was "on their phone" is a thin, post-hoc excuse to escalate the stop. It was not a legitimate reason to escalate to breaking Mr. Quintanilla-Chavez's window, or for four officers to then violently throw him to the ground and arrest him. This justification is deeply flawed and likely a pretext *and isn't credible*. Being on the phone is not suspicious or illegal, especially if the vehicle is stopped. People use phones to call for help, record police, or just communicate. Mr. Quintanilla-Chavez had a little dog, Rocky, who he cared deeply for in his vehicle. He was trying to reach someone to pick him up. It's not inherently criminal, evasive, or dangerous. If using a cell phone were a threat, half the country would be in handcuffs. Even if officers were "concerned," law enforcement cannot break into a vehicle without legal justification, such as a threat to their safety. Being on a phone is not a weapon. It's not evidence of a crime. It's not grounds for immediate force.

To claim Mr. Quintanilla-Chavez had been calling for help to flee (speculation) or just say they were in fear he was coordinating something dangerous is a flimsy excuse to justify violence they already intended to use. You don't break someone's window because they're holding a phone. You break a window when you've made up your mind to arrest first and justify it later.

Under the Fourth Amendment, any use of force must be objectively reasonable under the circumstances. If the person is seated, unarmed, not fleeing, and the only "concern" is that they're on a phone? That does not justify shattering a window and dragging someone out. "Concern" is not the legal standard. Probable cause and exigent circumstances are. And those were absent here. The Court should not give any weight to SA Fuentes's testimony.

During cross-examination, SA Fuentes admitted he had no direct knowledge of what happened, he couldn't confirm the use of Spanish with the client, he didn't know whether the window was already partially down, and he didn't know if Mr. Quintanilla-Chavez had responded or was confused.

The government is now wanting to shift theories or rely on the same agents who lied to two judges under oath and misled them to bring serious criminal charges against Mr. Quintanilla-Chavez.

**No Probable Cause for 18 U.S.C. § 111**

The 5th Circuit Pattern Jury Charge for forcibly assaulting a federal officer under 18 U.S.C. § 111 requires:

> First: That the defendant forcibly assaulted (resisted)(opposed) (impeded)(intimidated) (interfered with) a federal officer, as described below:
>
> Second: That the federal officer was forcibly assaulted (resisted)(opposed) (impeded)(intimidated) (interfered with) while engaged in the performance of his official duty or on account of the performance of official duties; and
>
> Third: That in doing such acts, the defendant used a deadly weapon or inflicted bodily injury.

5th Circuit Pattern Jury Charge.

What SA Fuentes testified to under oath was that agents approached in unmarked vehicles, with no warrant, and now we know they did this on false legal justifications. They escalated the encounter by smashing the driver's window. We stand by our argument at the hearing that any injury was self-inflicted and not the result of an assault by Mr. Quintanilla-Chavez. After all, the force applied must be the defendant's force, not the officer's force. *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010). So, for example, the Sixth Circuit held the evidence was insufficient to prove injury-inflicting § 111(b) because the officer's forehead cut could've been caused by the officer headbutting the defendant, not by the defendant's force. *See United States v. Zabawa*, 719 F.3d 555, 559-61 (6th Cir. 2013). And here, there is no evidence of verbal threats, weapons, or specific intent to harm

by Mr. Quintanilla-Chavez. This was an immigration enforcement action without lawful basis, which was then used to manufacture a federal charge when the agents injured themselves to justify their illegal surveillance and arrest.

**The Court Should Find No Probable Cause and Dismiss the Complaint**

Here, the misconduct is not curable. The entire case rests on a false affidavit and false testimony at the probable cause hearing. The government misrepresented critical facts to two judges, and the arrest and resulting injury would never have occurred if they hadn't illegally surveilled Mr. Quintanilla-Chavez home in hopes of arresting him and unlawfully stopped and arrested him.

The Court should find the allegations necessary to supply probable cause are unproven because those allegations lack credibility. And even if this Court concludes that it may not normally weigh credibility when determining if probable cause supports a charge, the Court should still find lack of probable cause due to lack of credibility. This is because, even in situations where a court normally does not weigh credibility (such as, say, an appellate panel reviewing the sufficiency of the evidence), the court may weigh credibility when witness testimony is "so incredible or insubstantial that, as a matter of law, [the court] may discredit it." *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009) (cleaned up).  In this novel and unique instance where law enforcement has been caught blatantly lying to multiple judges,

the Court should find lack of probable cause due to lack of law enforcement credibility.

This Court should find that no probable cause exists, that the government has forfeited the presumption of truthfulness, and that the complaint must be dismissed.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender


//s/ MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
Tel.:(210) 472–6700
Fax: (210) 472-4454
Bar Number: 00798310
*Attorney for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the AUSA of record.

/s/ MARINA THAIS DOUENAT
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO. sa-25-mj-947 |
| JAIME ALBERT QUINTANILLA-CHAVEZ | § § § | |

### ORDER GRANTING MOTION TO DISMISS

For the reasons Defendant argues, his motion to reconsider and reopen preliminary hearing and to dismiss charge for lack of probable cause is **GRANTED**. The Defendant's charge and the complaint are **DISMISSED**.

_____
**ELIZABETH CHESNEY**
**U.S. MAGISTRATE JUDGE**